DANIEL E. COLLINS, PLAINTIFF IN ERROR, v. WEST JERSEY EXPRESS COMPANY, DEFENDANT IN ERROR.

Submitted March 28, 1905—Decided November 20, 1905.

An express wagon, driven by a servant of the defendant along a public highway, struck the hind wheel of a wagon that was being loaded from the sidewalk, forcing it against the horse, which was standing unhitched in the street, whereat the horse took fright and ran away. To avoid being struck by the runaway horse, the plaintiff jumped aside and broke his leg over a board pile in the street, whereupon he sued the defendant and was nonsuited. *Held*, that the nonsuit was erroneous.

On error to the Supreme Court.

For the plaintiff in error, *Matthew Jefferson.*

For the defendant in error, *Joseph H. Gaskill.*

The opinion of the court was delivered by

GARRISON, J.  A servant of the defendant, while driving an express wagon along Central avenue, in Atlantic City, struck the hind wheel of a wagon that was standing by the curb and forced it against the horse, which was unhitched, whereat the horse took fright and ran away.  The horse turned into New York avenue and ran upon the sidewalk, where the plaintiff was standing near some lumber that was piled up in the street.  The plaintiff, to avoid being hit by the runaway horse, jumped aside and broke his leg over the board pile, and thereupon sued the defendant for damages and was nonsuited.

We think that this nonsuit was wrong.  The striking of the standing wagon by the defendant's wagon was unquestionably the initial force that set in motion the train of circumstances by which the plaintiff was injured, none of which had their rise in any intervening force or other cause.

The board pile over which the plaintiff fell, while it was a condition of his injury, was not its cause.  21 *Am. & Eng. Encycl. L.* 494.

Likewise the circumstance that the horse was standing unhitched, while it was a condition that rendered its running away more likely, was not the cause of that occurrence.

Moreover, as the man in charge of this team was engaged in loading the wagon from a box that stood beside it on the curb, he may not have been negligent in allowing his horse to be unhitched.  *Belles* v. *Kellner,* 38 *Vroom* 255.

Both the running away of the horse and the plaintiff's fall over the lumber relate back to the collision that caused the runaway, and whether that was a negligent act in the defendant's servant was clearly a jury question.

The cases upon intervening and concurring causes are collected in a series of notes in 21 *Am. & Eng. Encycl. L.* 492

*et seq.,* and also in the annotations to *Scott* v. *Shephard,* 1 *Sm. Lead Cas.* 754.

The judgment of the Supreme Court is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, GARRETSON, PITNEY, SWAYZE, VREDENBURGH, VROOM, GREEN, GRAY. 11.